IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ELLODI PHARMACEUTICALS, LP, | ) |
| | ) |
|     **Plaintiff**, | ) |
| | ) |
| v. | )   Case No. 1: 24-cv-01392 |
| | ) |
| **DR. FALK PHARMA GMBH,** | ) |
| | ) |
|     **Defendant**. | ) |

## COMPLAINT

Plaintiff Ellodi Pharmaceuticals, LP ("Plaintiff" or "Ellodi") files this Complaint for Breach of Contract against Defendant Dr. Falk Pharma GmbH ("Defendant" or "Dr. Falk"). In 2022, the parties to this action ("Parties") entered into a settlement agreement ("Settlement Agreement") resolving their ongoing patent disputes and promising to resolve any related future patent disputes in Germany. In violation of the Parties' Settlement Agreement, Defendant filed a petition for *inter partes* review ("IPR Petition") in the U.S. Patent and Trademark Office seeking to invalidate one of Ellodi's Patents. Facing irreparable harm, Ellodi files this Complaint to obtain an injunction to stop Defendant from continuing to violate the Parties' Settlement Agreement and pursing litigation outside of their chosen forum and venue to resolve their disputes.

### The Parties

1.  Ellodi is a United States limited partnership existing under the laws of Delaware, with its principal place of business at 325 Sentry Parkway, Building 5 West, Suite 200, Blue Bell, Pennsylvania 19422.

2.  Defendant Dr. Falk is a company existing under the laws of Germany with its principal place of business at Leinenweberstrasse 5 79108 Freiburg, Germany.

**Jurisdiction and Venue**

3. Subject-matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1332(a)(2), 1338, 1367, 2201, and 2202.

4. The Parties are citizens of a State and a foreign state and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. This Court has subject matter jurisdiction over this breach of contract claim under 28 U.S.C. §§ 1332(a) and 1367(a).

6. On information and belief, Defendant is subject to personal jurisdiction in Virginia because, among other things, Defendant has purposefully availed itself of the benefits and protections of the United States Patent and Trademark Office ("USPTO") by filing the IPR Petition at the USPTO which is located in Virginia, such that it should reasonably anticipate being haled into court in Virginia.

7. On information and belief, Defendant is subject to personal jurisdiction in this district because Defendant is doing substantial business in this district.

8. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

**Facts**

9. Ellodi and Dr. Falk are direct competitors developing corticosteroid products for the treatment of inflammatory disorders of the gastrointestinal tract.

10. The Parties are developing competing orally disintegrating tablets, namely Ellodi's APT-1011 and Dr. Falk's Jorveza™ with the intent to enter the U.S. market.

11. The Parties were previously involved in a number of proceedings in German courts and the European Patent Office opposing each other's European patents and alleging patent infringement against one another.

12. To resolve these disputes, the Parties negotiated and entered into the above-referenced global Settlement Agreement in 2022, attached as **Exhibit 1** ("Settlement Agreement").

13. The Settlement Agreement resolved the Parties' then-existing patent disputes.

14. In addition, each Party agreed in the Settlement Agreement not to challenge each other's related patents.

15. In Section 2.5 of the Settlement Agreement under the heading "Covenant Not to Challenge," the Parties agreed that "[e]ach Party covenants . . . not to challenge the validity . . . of the Patents of the other Party as defined above under 1.4."

16. In Section 1.4, the Parties defined "patent" as including any "patent relating to Jorveza (Budesonide ODT) and/or APT-1011 (Fluticasone propionate ODT)." This definition includes patents "in any European country that is a contracting member state of the European Patent Organization" and including "their national equivalents."

17. In violation of Section 2.5 of the Parties' Settlement Agreement, Dr. Falk filed a petition for *inter partes* review ("IPR Petition") in the U.S. Patent and Trademark Office on July 22, 2024 challenging the validity of one of Ellodi's Patents, namely U.S. Patent No. 8,771,729 ("the '729 Patent"). Dr. Falk's IPR Petition is attached as **Exhibit 2**.

18. Ellodi's '729 Patent is related to both Dr. Falk's Jorveza product and Ellodi's APT-1011 product. The '729 Patent is attached as **Exhibit 3**.

19. Further, Ellodi's '729 Patent is directly related to the patents specifically identified by number in the preamble of the Settlement Agreement. It is the national equivalent to Ellodi's European Patent No. EP 2 482 822 B1 ("EP '822") (attached as **Exhibit 4**), which is in turn based on international application no. PCT/US2010/050860 of which the corresponding international publication number is WO 2011/041509 A1 ("WO '509"), which is attached as **Exhibit 5**.

20. Each of the '729 Patent, EP'822 and WO '509 claim priority to the U.S. provisional application no. 61/247,642 filed on October 1, 2009.

21. Accordingly, Ellodi's '729 Patent is a "Patent" as defined in Section 1.4 of the Parties' Settlement Agreement, and therefore subject to Defendant's covenant not to challenge its validity per Section 2.5.

22. The Settlement Agreement also includes "Choice of Law and Venue" and "Jurisdiction" provisions in Sections 3.10 and 3.11, respectively.

23. In Section 3.10, the "Choice of Law and Venue" provision, the Parties agreed that the Settlement Agreement "shall be governed and construed in accordance with the laws of Germany," and that each Party consented "to the exclusive jurisdiction and venue of the courts in Dusseldorf, Germany, in any action arising out of or relating to this Agreement."

24. In Section 3.11, the "Jurisdiction" provision, the Parties agreed that "[a]ny action arising out of, or relating to, any of the provisions of this Agreement shall be brought and prosecuted only and exclusively in Dusseldorf, Germany, or if such court does not have jurisdiction or will not accept jurisdiction, in any court of general jurisdiction in Germany."

25. On July 22, 2024, Defendant filed the IPR Petition challenging the validity of the '729 Patent with the U.S. Patent and Trademark Office. (Attached as **Exhibit 2**). In doing so, Defendant breached at least Sections 2.5, 3.10, and 3.11 of the Settlement Agreement.

26. Defendant's IPR Petition, if allowed to continue in violation of the Parties' Settlement Agreement, will cause irreparable harm and more than $75,000 in damages to Ellodi.

27. On July 23, 2024, Ellodi filed suit for breach of the Settlement Agreement in Dusseldorf, Germany. Ellodi's German complaint is attached as **Exhibit 6**, along with an English translation thereof attached as **Exhibit 7**.

28. Ellodi now seeks a Preliminary Injunction ordering Defendant to withdraw its IPR petition pending the resolution of the Parties' litigation in Germany.

## Count One: Breach of Contract

29. Ellodi incorporates by reference the averments set forth in Paragraphs 1 through 28 as if set forth herein.

30. The Settlement Agreement is a valid and enforceable contract between Ellodi and Defendant.

31. By filing the IPR Petition challenging the validity of the '729 Patent, Defendant breached at least Sections 2.5, 3.10, and 3.11 of the Settlement Agreement.

32. These breaches of the Settlement Agreement resulted in damage to Ellodi, as it deprived Ellodi of its bargained for forum for disputes related to the Settlement Agreement.

33. This deprivation of Ellodi's bargained-for forum cannot be translated into a monetary amount and has irreparably harmed Ellodi. Ellodi will be further irreparably harmed if Dr. Falk is not enjoined from continuing with its IPR Petition before the Patent Trial and Appeal Board.

34. Ellodi has performed all of its obligations under the Parties' Settlement Agreement, and all conditions precedent to Defendant's required performance under the Settlement Agreement have been performed, will be performed, or have been waived.

35. Defendant's breaches of the Settlement Agreement were and are material.

36. As a direct and proximate result of Defendant's conduct, Ellodi has been damaged in an amount exceeding the minimal jurisdictional limits of this Court, including nominal damages to the extent necessary.

37. Defendant's conduct was willful and deliberate.

38. Ellodi has no adequate remedy at law.

**Prayer for Relief**

WHEREFORE, Ellodi respectfully prays for entry of judgment in its favor and against Defendant Dr. Falk Pharma GmbH, and specifically seeks:

a. injunctive relief requiring Defendant to withdraw its IPR petition, pending the German lawsuit addressing the breach of contract claim and determining the scope of the Settlement Agreement;

b. an award of Ellodi reasonable attorneys' fees, costs, and expenses; and

c. an award of any and all such other and further relief to which it is entitled.

Dated: August 8, 2024                    Respectfully submitted,

/s/*Brent R. Gary*
Brent R. Gary (VSB No. 66592)
Christian B. Hecht (VSB No. 98220)
Holland & Knight, LLP
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia 22102
t. 703.720.8038 f. 703.720.8610
Brent.Gary@hklaw.com
Christian.Hecht@hklaw.com

Terry J. Wikberg (*pro hac* pending)
Holland & Knight LLP
800 17th Street N.W., Suite 1100
Washington, DC 20006
t. 202.469.5627 f. 202.955.5564
Terry.Wikberg@hklaw.com

Amy E. Simpson (*pro hac* pending)
Holland & Knight LLP
1901 Avenue of the Stars, Suite 1200
Los Angeles, CA 90067
t. 310.201.8925 f. 310.201.8922
Amy.Simpson@hklaw.com

Justin S. Cohen (*pro hac* pending)
Holland & Knight LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
t. 214.969.1211 f. 214.964.9501
Justin.Cohen@hklaw.com

*Attorneys for Plaintiff*